UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATIE MERRITT,

                Plaintiff,

v.

                3:24-CV-1542
                (GTS/ML)

DR. MICHAEL FARRELL, employed at
Guthrie Lourdes Hosp., and licensed to practice in NY;
GUTHRIE LOURDES HOSPITAL, located in
Binghamton, NY; CHILD PROTECTIVE SERVICES
(CPS) TIOGA; CHILD PROTECTIVE SERVICES
(CPS), a state agency operating in NY; BROOME
COUNTY NY DEPT. OF SOCIAL SERVICES;
HON. JUDGE ADAM SCHUMACHER, in his individual
capacity for actions outside his judicial capacity;
CHILDREN'S HOME WYOMING CONFERENCE
FOSTERCARE; CHILDREN'S HOME BINGHAMTON,
NY; and BINGHAMTON, NY POLICE DEPT.,

                Defendants.
_____

APPEARANCES:

KATIE MERRITT
    Plaintiff, *Pro Se*
P.O. Box 84
Vestal, New York 13851

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Katie Merritt ("Plaintiff") against Child Protective Services, Child Protective Service Tioga, Broome County New York Department of Social Services, Guthrie Lourdes Hospital, Dr. Michael Farrell, Hon. Adam Schumacher, Children' Home Wyoming Conference Fostercare, Children's Home Binghamton, NY, and Binghamton, NY Police Department ("Defendants"), is United States

Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's claims against Defendant Schumacher be dismissed without prejudice and without leave to amend and that her remaining claims be dismissed without prejudice but with leave to amend. (Dkt. No. 6.)   Plaintiff has not filed an Objection to the Report-Recommendation and the time in which to do so has expired.   (*See generally* Docket Sheet.)   Instead, she has filed a proposed Amended Complaint.   (Dkt. No. 8.)

Because no specific challenge has been presented to the Report-Recommendation,[1] the Court need review the Report-Recommendation only for clear error,[2] which it easily survives. In any event, even if the Court were to subject the Report-Recommendation to the heightened scrutiny appropriate for a specifically challenged Report-Recommendation (in light of the arguments presented in Plaintiff's motion for reconsideration),[3] the Court would find that the

---

[1]   To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."   N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[3]   When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

Report-Recommendation survives that scrutiny for the reasons stated therein: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   (*See generally* Dkt. No. 6.)   As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein.   (*Id*.)

Because Plaintiff submitted her proposed Amended Complaint before having the benefit of the Court's ruling with regard to Magistrate Judge Lovric's Report-Recommendation,[4] the Court will give Plaintiff a reasonable opportunity in which to do one of the following two things: (1) file a letter with the Court confirming that she would indeed like the Court to treat her proposed Amended Complaint as her Amended Complaint; or (2) file a revised (and clearly signed) Amended Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Defendant Schumacher in his individual and official capacities are **DISMISSED without prejudice and without leave to amend in this action**; and it is further

**ORDERED** that the remaining claims in Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED with prejudice** and without further Order of this Court **UNLESS, within THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff files **AMENDED COMPLAINT** that cures the pleading (and jurisdictional) defects identified in the

---

review.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[4]     *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("A plaintiff has no obligation to replead merely because the defendant has argued that the complaint is deficient, without knowing whether the court will agree.").

Report-Recommendation; and it is further

**ORDERED** that, toward that end, Plaintiff shall have **THIRTY (30) DAYS** in which to do one of the following two things: (1) file a letter with the Court confirming that she would indeed like to the Court to treat her proposed Amended Complaint (Dkt. No. 8) as her above-required Amended Complaint; or (2) separately file a revised (and clearly signed) Amended Complaint; and it is further

**ORDERED** that any timely **AMENDED COMPLAINT** filed by Plaintiff shall be automatically referred to Magistrate Judge Lovric for his review.

Dated:   December 19, 2025
        Syracuse, New York

                                            Glenn T. Suddaby
                                            U.S. District Judge